IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JAMES E. KEMPFER, SR.,**

**Defendant.**                                   No. 09-cr-30146-DRH-3

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On June 4, 2010, the Court sentenced James E Kempfer, Sr. to 120 months imprisonment (Doc. 162) and the Clerk of the Court entered judgment reflecting the same (Doc. 164). On March 2, 2015, Kemfper filed a *pro se* for reduction of sentence pursuant to U.S.S.C. Amendment 782 (Doc. 216). The Court referred the matter to the Federal Public Defender's officer pursuant to Administrative Order 167 (Doc. 217). On March 30, 2015, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Kempfer (Doc. 218). Skaggs has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 219). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Kempfer an opportunity to respond to the motion to withdraw (Doc. 220). As of this date, Kempfer has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Kempfer is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2). In this case, Kempfer was sentenced to a statutory mandatory minimum term of 120 months imprisonment on the charge in the Superseding Indictment (Doc. 178, p. 6) Therefore, Kempfer's overall sentence cannot be further reduced by application of Amendment 782. Consequently, Kempfer's guideline range also has not been lowered, and he fails to satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 219) and **DENIES** Kempfer's motion for a sentence reduction (Doc. 216).

**IT IS SO ORDERED.**

Signed this 21st day of May, 2015.

Digitally signed by
David R. Herndon
Date: 2015.05.21
15:49:36 -05'00'

**United States District Judge**